UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

EDWARD JAMES CROMER,

        Plaintiff,                    Case No. 2:14-cv-191

v.                                          HON. GORDON J. QUIST

DENISE GALLIPPO, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without payment of an initial partial filing fee. On December 22, 2014, this Court ordered service of Plaintiff's complaint on Defendants Gallippo, Whitney, Junak, White, Kessna[1], Zampeses, Bradley, and Marta. On March 20, 2015, Defendants Gallippo, Junak, Kessna, Marta, White, Whitney and Zampeses filed a motion for summary judgment (docket #17) on the ground that Plaintiff failed to exhaust his available administrative remedies. On April 10, 2015, Defendant Bradley filed a motion for summary judgment (docket #21) on the same grounds. The time for filing a response has now passed and Plaintiff has failed to file such a response.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th

---

[1] Also known as Unknown Kessler

Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit

repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Plaintiff is presently incarcerated at the Marquette Branch Prison (MBP). In his *pro se* complaint, Plaintiff alleges that Defendant Gallippo refused to provide him with his medication on April 9, 2013, August 23 and 26, 2013, September 11, 2013, March 12 and 14, 2014, April 21, 2014, and August 10 and 27, 2014. Plaintiff also alleges that Defendants White and Junak accused him of stealing his own property, and Defendant White placed Plaintiff in too tight handcuffs and dug his fingernails into Plaintiff's skin.

Plaintiff alleges that he informed Defendant Kessna that Defendant Gallippo denied him medication and that he felt dizzy. However, Defendant Kessna failed to call Healthcare, but waited until Healthcare staff made afternoon rounds. Plaintiff alleges that on August 23, 2013, he informed Defendants Bradley and Marta that Defendant Gallippo had withheld medication, but that they did not respond. On August 10, 2014, Plaintiff also informed Defendant Whitney of Defendant Gallippo's misconduct, but that Defendant Whitney did not respond to Plaintiff's complaint. Finally, Plaintiff claims that Defendants Gallippo, Whitney, and Junak wrote false misconducts on him. Plaintiff claims that Defendants violated his constitutional rights and seeks damages and injunctive relief.

Defendants claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those

4

involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Defendants assert that to the extent that Plaintiff is claiming that the misconduct tickets he received from Defendants Junak, Whitney, and Gallippo were retaliatory, he did not exhaust these claims by asserting this defense during his hearing. Defendants attach a copy of the hearing reports on those misconduct tickets in support of this assertion. *See* docket #18-6 - #18-9. As noted by Defendants, Michigan's rules provide that the only avenue for challenging the issuance of major misconduct reports is a hearing: "Decisions made in hearings conducted by hearing officers

5

of the Hearings and Appeals Division of the Office of Policy and Hearings (OPH)" are non-grievable and "shall be rejected by the Grievance Coordinator." P.D. 03.02.130, ¶ F.1. *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011). Because Plaintiff did not assert retaliation as a defense to the misconduct tickets during the hearings, any claims that the tickets were retaliatory are unexhausted.

Defendants state that since 2013, Plaintiff has filed twenty step III grievances while incarcerated at MBP. *See* docket #18-3, pp. 3-7 of 73. According to Plaintiff's step III grievance report, two of the grievances, MBP-14-09-1530-17a and MBP-14-08-1444-17a, were not completed /resolved when Plaintiff filed his complaint on September 5, 2014. *Id.*, p. 3 of 73.

Defendants concede that Plaintiff filed grievance numbers MBP-14-03-0499-12fl, MBP-13-09-1720-12e1, and MBP-13-04-765-12e4 on Defendant Gallippo for denying him his medication on March 12 and 14, 2014, September 11, 2013, and April 9, 2013, and that he properly exhausted his administrative remedies with regard to those incidents.

Defendants also concede that Plaintiff filed two grievances, MBP-13-05-1033-17a and MBP-13-05-0987-07d, regarding Defendant White handcuffing him. However, Defendants contend that because Plaintiff did not specifically stated that Defendant White dug his fingernails into Plaintiff, he did not exhaust his claims against Defendant White. A review of the record reveals that in his step I grievances, Plaintiff states that Defendant White assaulted him. *See* docket #18-4, pp. 15 and 28 of 37. The alleged misconduct by Defendant White constitutes an assault. Therefore, MBP-13-05-1033-17a and MBP-13-05-0987-07d satisfy the exhaustion requirement with regard to Plaintiff's claims against Defendant White.

Defendants state that none of the remaining grievances filed by Plaintiff and appealed through step III prior to the filing of this lawsuit address any of the claims asserted in his complaint.

Defendants attach copies of each of the grievances filed and exhausted during the pertinent time period. *See* docket #18-3. Plaintiff has failed to respond to Defendants' motion or to come forward with any evidence showing that he exhausted any of his other claims. Therefore, the undersigned concludes that the only claims exhausted by Plaintiff are his claims against Defendant White for assaulting Plaintiff while handcuffing him on May 9, 2013, and his claims against Defendant Gallippo for refusing to provide him with medication on April 9, 2013, September 11, 2013, and March 12 and 14, 2014. Defendants are entitled to summary judgment on all other claims.

For the foregoing reasons, I recommend that the motion for summary judgment (docket #18) filed by Defendants Gallippo, Junak, Kessna, Marta, White, Whitney, and Zampeses be denied as to Defendants Gallippo and White, and granted as to Defendants Junak, Kessna, Marta, Whitney, and Zampeses. In addition, I recommend that the motion for summary judgment filed by Defendant Bradley (docket #21) be granted.

In addition, the undersigned notes that Plaintiff has failed to respond to Defendants' motions for summary judgment, or indeed to file anything in this action since the first of the motions for summary judgment was filed on March 20, 2015. Should Plaintiff fail to respond to the instant report and recommendation, it is respectfully recommended that the court take this as a sign that

Plaintiff has abandoned his claims.  It is further recommended that the court dismiss the action in its entirety for lack of prosecution.

Dated: October 13, 2015                           /s/ TIMOTHY P. GREELEY
                                                      Timothy P. Greeley
                                                      United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).