UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

EDWARD JAMES CROMER,

        Plaintiff,

v.                                              Case No. 2:14-CV-191

DENISE GALLIPPO, et al.,                       HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Edward Cromer, has filed Objections to Magistrate Judge Timothy Greeley's
October 13, 2015 Report and Recommendation (R & R), which recommends that the Court grant
in part and deny in part Defendants Gallippo, Junak, Kessna, Marta, White, Whitney, and
Zampeses's motion for summary judgment based on Plaintiff's failure to exhaust his administrative
remedies. In particular, the magistrate judge recommends that the Court grant the motion with
regard to Plaintiff's claims against Defendants Junak, Kessna, Marta, Whitney, Zampeses, and all
of Plaintiff's claims against Defendant Gallippo other than his claims for denial of medication on
April 9, 2013, September 11, 2013, and March 12 and 14, 2014, and deny the motion with regard
to the foregoing claims against Defendant Gallippo and the claim against Defendant White. The
magistrate judge also recommends that the Court grant Defendant Bradley's separate motion for
summary judgment based on lack of exhaustion.

Defendants Gallippo, Junak, Kessna, Marta, White, Whitney, and Zampeses filed their
motion on March 20, 2015, and Defendant Bradley filed his motion on April 10, 2015. Plaintiff did
not respond to the motions within the time provided for doing so. Plaintiff states in his Objections

that he did not respond to the motions because he provided the available proof of exhaustion in his complaint. (Dkt. # 25 at Page ID#229.)

In his R & R, the magistrate judge concludes that Plaintiff failed to exhaust his claims that Defendants Junak, Whitney, and Gallippo issued retaliatory false misconduct tickets because Plaintiff failed to assert retaliation as a defense during the misconduct hearings. (R & R at 5–6.) The magistrate judge concludes that Plaintiff exhausted only his claim against Defendant White and his claims against Defendant Gallippo for denying Plaintiff his medication on April 9, 2013, September 11, 2013, and March 12 and 14, 2014. (*Id.* at 6–7.)

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

In his Objections, Plaintiff contests only the magistrate judge's conclusion that Plaintiff failed to exhaust his claims against Defendants Junak and Whitney for filing false misconduct tickets against Plaintiff. The Court declines to consider Plaintiff's arguments, however, because Plaintiff failed to raise them before the magistrate judge by filing a response to Defendants' motion. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (noting that while the Magistrate Judge Act "permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate judge"); *Jackson v. Lafler*, No. 1:10-CV-543, 2010 WL 5071185, at *2 (W.D. Mich. Dec. 7, 2010) (noting that because the magistrate judge had no opportunity to consider the petitioner's claim raised for the first time in the petitioner's objection,

the claim was procedurally barred).  Accordingly, Plaintiff waived any argument that he properly exhausted his false misconduct claims by failing to present it to the magistrate judge.  Moreover, to the extent the Court has discretion to consider the evidence Plaintiff attaches to his Objections that was not presented to the magistrate judge, *see Muhammad v. Close*, No. 08-1944, 2009 WL 8755520 (6th Cir. Apr. 20, 2009), the Court declines to exercise such discretion to consider Plaintiff's new evidence because Defendants never had the opportunity to address it.

In any event, regardless of whether Plaintiff exhausted his claims, it is clear from the face of Plaintiff's complaint that his claims based on the false misconduct tickets are barred as a matter of law because Plaintiff admits that he was found guilty on the misconduct tickets. *See Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) ("A finding of guilt based upon some evidence of a violation of prison rules essentially checkmates [a] retaliation claim." (internal quotation marks omitted)).  Accordingly, Plaintiff's false misconduct retaliation claims fail on the merits.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued October 13, 2015 (dkt. # 24) is **ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants Gallippo, Junak, Kessna, Marta, White, Whitney, and Zampeses's Motion for Summary Judgment (dkt. # 17) is **GRANTED IN PART AND DENIED IN PART**.  The motion is **granted** for lack of exhaustion with regard to Plaintiff's claims against Defendants Junak, Kessna, Marta, Whitney, and Zampeses and with regard to all claims against Defendant Gallippo other than the claims for refusing to provide Plaintiff with medication on April 9, 2013, September 11, 2013, and March 12 and 14, 2014.  The motion is **denied** with regard to the claim against Defendant White for assaulting Plaintiff while handcuffing him on May 9, 2013 and with regard to the foregoing claims against Defendant Gallippo.

**IT IS FURTHER ORDERED** that Defendant Bradley's Motion for Summary Judgment (dkt. # 21) is **GRANTED** based on lack of exhaustion.

The case will continue on Plaintiff's exhausted claims against Defendants White and Gallippo.

Dated: December 3, 2015                               /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE