UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDWARD JAMES CROMER #211902,

    Plaintiff,

v.                                       Case No. 2:14-CV-191

DENISE GALLIPPO et al.,           HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

       Plaintiff Edward James Cromer, an inmate in the Michigan Department of Corrections, filed an action against Defendants Denise Gallippo and Robert White pursuant to 42 U.S.C. § 1983, alleging a violation of the Eighth Amendment. (ECF No. 1.) Cromer alleges that Gallippo, a nurse, refused to give Cromer doses of prescription medication on four occasions. Cromer alleges that White, a corrections officer, used excessive force when White handcuffed and escorted Cromer from one area within the prison to another.

       On August 29, 2016, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion for summary judgment. (ECF No. 41.) Plaintiff Cromer filed twelve objections. (ECF No. 42.) Upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting a de novo review of the R & R, Cromer's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the motion for summary judgment should be granted.

## I.  DELIBERATE INDIFFERENCE CLAIM

Cromer claims that Gallippo deprived him of medication for his chronic hypertension on four separate occasions: April 9 and September 11, 2013, and March 12 and March 14, 2014. (ECF No. 1 at PageID.6-10.) Magistrate Judge Greeley recommended summary judgment as to the deliberate indifference claim because (1) medical records indicate that a nurse other than Defendant Gallippo gave Cromer his medication on April 9 and September 11, 2013; (2) medical records indicate that Cromer did in fact receive medication on March 12 and 14, 2014; and (3) the affidavits provided by Cromer did not even speak to events that occurred on the dates Gallippo is alleged to have refused to provide medication. (ECF No. 41 at PageID.408.)

Cromer's first objection is that Magistrate Judge Greeley failed to consider the seriousness of symptoms of untreated hypertension. To the contrary, the R & R noted that a reasonable trier of fact could find Cromer's hypertension to be an "obvious" medical need, which would not require Cromer to provide verifying medical evidence to establish the detrimental effect of a delay in medication. (ECF No. 41 at PageID.403-404.)

Cromer's second, fourth, and eleventh (labeled "12th") objections all contend that the R & R erred because Gallippo did not submit an affidavit denying Cromer's allegations and was not deposed. These objections are without merit. Where, as here, "the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986) (quoting Rule 56(e)). Thus, Gallippo was not obliged to present an affidavit or other evidence to defeat Cromer's claim.

## II.  EXCESSIVE FORCE CLAIM

Cromer claims that White put handcuffs on "very tight to cut off blood-circulation," and grabbed Cromer so forcefully that he left marks and abrasions. (ECF No. 1 at PageID.8.) Magistrate

Judge Greeley recommended summary judgment because White used force in an attempt to escort Cromer from one location within the prison to another, and "the use of force to escort a perceived threat is not 'totally without penological justification.'" (ECF No. 41 at PageID.405.) The R & R also notes that, "although not a dispositive factor, [Cromer] failed to show any serious injury;… never sought medical treatment;… and did not mention any marks, abrasions, or anything else about the incident" to a physician who visited him the following day. (*Id.*)

The R & R found that "Defendant White cannot be blamed for putting the handcuffs on too tight and cutting off circulation" because another officer, Junak, initially put the handcuffs on Cromer. (ECF No. 41 at PageID.404.) Cromer (labeled "6th") objects, and claims that White tightened the handcuffs after Junak put them on. This objection does not undermine Magistrate Judge Greeley's conclusion, which relies on the fact that White acted with penological justification and still did not seriously injure Cromer.

Cromer also objects (labeled "7th") to the R & R's finding that three guards – Junak, Peterson, and White – were escorting Cromer to segregation at the time Officer White allegedly used excessive force. Cromer seems to claim that only two officers were escorting him, but the number of officers accompanying White is irrelevant to White's use of force.

Cromer (labeled "8th") objects that the R&R failed to explain "Why [sic] the May 9, 2013 incident [was] happening in the first place." The exact reason for Defendants escorting Cromer from one place to another is also irrelevant to the issue of whether excessive force was used in doing so.

Cromer's objection (labeled "9th") is that the R&R failed to mention a portion of Cromer's affidavit which could be taken to explain why Cromer did not seek medical assistance immediately following his confrontation with Officer White. The affidavit states that Defendant Gallippo is married to Sergeant Selby, who "reviews the tickets (misconducts) written by Now [sic] Gallippo-Selby and a Leader [sic] amongst White and Junak." (ECF No. 40-3 at PageID.393.) While this may

3

be true, Magistrate Judge Greeley did not err in his legal conclusion in that it specifically noted Cromer's opportunity to complain directly to a physician the day after White allegedly injured him.

Cromer's third and ninth (labeled "10th") objections are that the R & R interpreted the complaint as raising an Eighth Amendment challenge to Officer White's use of a racial slur. Cromer contends that his complaint did not raise such a challenge. This objection is moot, as the R & R rejected the particular challenge.

### III.  QUALIFIED IMMUNITY

Cromer objects to the finding of qualified immunity and contends that there was "no thing [sic] objectively reasonable about April 9, 2013 and May 9, 2013." (ECF No. 42 at PageID.416.) This objection is non-responsive to Magistrate Judge Greeley's finding that Defendants are entitled to qualified immunity because Cromer was unable to show that his constitutional rights were violated.

### IV.  CONCLUSION

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed August 29, 2016 (ECF No. 41) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Objections to Report and Recommendation (ECF No. 42) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 35) is **GRANTED.**

A separate judgment shall issue.

Dated:  October 4, 2016                              /s/ Gordon J. Quist
                                                                   GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE